Good afternoon, Illinois Appellate Court, 1st District Court is now in session. The First Division, the Honorable Justice Aurelia Paczynski presiding, case number 21-0765, Better Government Association v. Chicago City Council. Good afternoon, everyone. You'll see that in this case, I'm Justice Aurelia Paczynski. I'm trained by my colleagues, Justice Michael Hyman, Justice Mary Ellen Coughlin. We normally give 15-20 minutes or so. Ask the plaintiff, Appellant, to reserve a couple minutes. I would just remind you that we've read the briefs and read the record, so it's best if you just start with your high points. With that, I'll ask the attorney for the PGA to introduce himself, please. Good afternoon. I'm Matt Topic. I represent the plaintiff, Appellant, Better Government Association. Okay. And the attorney for the city, please. My name is Ethan Merrill. I represent the Chicago City Council. Ethan Merrill. All right. Gentlemen, let's start with Mr. Topic. I have a bad cough, so I'm going to mute myself unless I absolutely have to say something. Good afternoon. May it please the court. I'll get right into it, and I'd like to focus on the issues and mostly rely on the briefs for the statute of limitations issues, including both common law discovery rule and the fraudulent concealment statute. I'd just like to ask a question, though, because I'm confused by those arguments, because you knew about it by April 21st. Therefore, you were well within the time frame to have filed within the 60 days. And therefore, how can it be fraudulently concealed when it was publicly disclosed? I just want to add a secondary question to that. The way you knew about it, I was unclear about how you knew about it. So in answering Justice Hyman's question, could you tell us how you found out about those meetings? Happy to do that. We learned, when the public learned, when there was a story in the press after a recording had been, quote unquote, leaked by one of the alders to a reporter, and then we basically read it in the newspaper. There was no notice provided. The city didn't do a press release. The only reason that we know is, again, because someone, quote unquote, leaked it. That's on all three meetings? That's how you found out about all three meetings? That's correct. We learned about all of them that way. Justice Hyman, to address your question, first, just to put some context on it, the common law discovery rule would give us a clock from the date of discovery. So your question is getting at the fraudulent concealment statute. And our primary argument here is that that's a factual question as to what is a reasonable amount of time. It wasn't addressed by the circuit court. And so it's already a very short statute of limitations. It's 60 days. But it's 60 days. And you knew about it within the 60 days. If you didn't know about it within the 60 days, I can see that issue, both of those issues. But the fact it was discovered and wasn't concealed in that, I mean, it was out there. I mean, somebody leaked it. In your complaint, you have it in two paragraphs. The public knew about it. You don't say some of the place. So people know about it. So I can understand you're leaving those arguments alone because they think the May meeting has a whole different situation because you don't have that statute of limitations problem. But I don't see how we can, I don't know what I'm, tell me if I'm missing something, but I don't see how we can, when it's within the 60 days and it's out there in the general public knows about it. That was the purpose of the act, right? I would just like to add a corollary to that because you've said that the three meetings, the information about the three meetings were leaked. And I'm trying, flipping frantically through your brief and I can't find it. Did you cite and quote the requirement, wherever it is, that a city has to provide notice of meetings, an agenda, time for public comment, all those different things that cities, we expect cities to do. Is that in your brief any place or was it in the complaint someplace in the trial court? Certainly we've argued from the beginning to the circuit court in here that there's a requirement that the public body provide advanced notice of its meetings. Where is that requirement? You don't have to tell me now, you can have, you can figure it out while we're talking. But answer my, Justice Hyman's question was relevant to this, I think, because we're both sort of tangling with the whole thing. Is a leak enough if an, or if a public body is and he's saying, well, you knew about it, the public knew about it because it was a leak. So I'm very, I just want to sort through that. Seems to me like a sort of, you know, bowl of spaghetti and I'd like to parse it out a little bit. Well, certainly we would support a conclusion that unless the notice came from the public body, it shouldn't be counted for the purposes of statute of limitations. I can't tell you that we've argued that, but I mean, the fact is that at some point we learned, we didn't learn because the city did what it was supposed to do. We learned because word got out. To circle back to Justice Hyman. Well, isn't it always going to, you know, that's going to be the usual case in a lot of these situations. I mean, many of these cases, they did have a meeting and they did announce it and we relied on some of those, but there are a few cases where they haven't been made public and people find out about it. And, you know, if you're in the statute, you know about it, you have the time, even if it's a few days, the statute was made short. And as you know, it was 45 days and now it's 60 days and the legislature didn't do anything about extending it beyond the 60. So it was always meant to be short, right? Within that, within that goalposts. I mean, why would you have any leeway after that when you knew about it? Because there must be a reasonable amount of time left before the expiration of the statute. Nobody said, the legislature has set a statute of limitations. You're saying all statutes and limitations are then dependent on a reasonable amount of time. I don't understand that. I'm saying that if the fraudulent concealment statute applies, the question is whether there's reasonable amount of time left before the expiration of the statute of limitations. And given that the statute is already as short as 60 days, to expect that a plaintiff who learns of the meeting for the very first time can run around and get a complaint on file in anything less than the time period that the statute allows is not reasonable. And we would also- I would say that doesn't follow at all under the law. You know that because otherwise you'd say statute of limitations don't mean anything. There's no bright line. I mean, people file at midnight before a deadline. I mean, lawyers can get a complaint on for a TRO in an instant, you know, in a few hours. I mean, there's things that happen. And in this situation, you're saying that the legislature sets a 60-day statute of limitations, but because of fraudulent concealment, you can make it five years. Now, does that make any sense? We're not asking for- I mean, that's the plain text of the- I understand, but if it applies, it's five years. That would definitely be contrary to the whole intent of the act. So, again, I don't know if we have to even reach that issue because you've admitted that the public knew, and you didn't make any limitations on it, and you're a member of the public. And so those two medias were known to the public. There was time, you know, a couple of weeks at the minimum for one of them and several weeks for the other, and you didn't do it. If I may just- I guess this would be the primary part of my response. The public who suffers as a result of a public body not providing the statutorily required notice, the public should not be made to suffer by any shortening of the dates. Who should be made to suffer, if anyone, is the public body who was supposed to have provided notice of the meeting. And to in any way interfere or limit the public's ability to bring that suit is simply rewarding the public body for not providing notice that they were plainly required under the statute. You're arguing with the legislature. We're not here to legislate. We're here to enforce the law. And that's what the legislature said. And not only that, they give you an out, right? There is the state's attorney and the attorney general. So if you miss that deadline, there are outs available, maybe not to the public, but there's other ways the public can use those rights. We have no right to either of those avenues. We're completely at the mercy of other public bodies who have no obligation to do anything about it. But again, counsel, that is what the legislature decreed, not us. Well, yes, but this court has held, including in FOIA cases, that if a result would be absurd, that certainly that's not what the General Assembly intended. And to hold against the public, the public body's failure to comply with the statutory obligation to provide notice is absurd. I think we understand your argument, but is your argument the same for all three meetings, or are you making a distinction between the first two and the third? So the third is clearly different. There's no argument that the third has been time barred. So the issue on the third meeting is purely mootness. So there were three forms of relief that we asked for. We asked for an injunction against future violations. We asked for release of meeting recordings. And the circuit court only addressed the request for an injunction, did not address minutes or audio. And it relied exclusively on the Hartigan v. Illinois Commerce Commission and said, this is the words of the circuit court describing that case, that the court there, quote, dismissed the matter as moot because Commerce Commission had announced that they would comply with OMA and hold a public hearing. That is exactly the opposite of the facts that we continue to argue that these are not meetings and that they can do this anytime they want to. And so that's completely the opposite of the facts of Hartigan. And they also have... Let's say, okay, with regard to that, your relief then is for us to send it back to the judge to hold a hearing? I mean, tell us what happens in reverse, what you're looking for. So the case was dismissed on mootness grounds. We would ask that that be reversed, it would be remanded back to the circuit court, and then the city would file an answer. And then we would proceed. There might be discovery, there might not. And then eventually, there would either be cross motions for summary judgment, or there would be an evidentiary hearing or a bench trial to determine whether these were meetings under the Open Meetings Act, as we contend, or whether these are not meetings as the city council continues to today. Is there an issue with respect to the accuracy of the minutes? I think your argument, or I think if I understand correctly, is somebody leaked the minutes, or you have the minutes? Where are the minutes? I can clarify. There are no minutes. There was a recording that was released, but there have never been any minutes released. There was only... Any issue as to the accuracy of that recording? There is no evidence that's been presented that that recording is a complete recording of the entire meeting. So you'd say that's a disputed fact? Correct. Well, it's the city's obligation. It's their affirmative defense. The burden doesn't shift to us unless they come forward with evidence that it is in fact moot because the minutes or a complete recording has been released, and they haven't done it. There's no declaration or other evidence from them that says that is the complete recording. Can I ask a question procedurally? How should it have been done, and how will it be done if it was remanded for that purpose? Then there would be an answer, and then we would presumably take some discovery on... I think the question has to do with if the judge would order... I think it was more about the relief. I'm not trying to change the question at all. I just think it was how would it work? I mean, what would the judge order to be done? There would first need to be a finding that was a violation, and then we would move on to the remedy. The remedy that we would ask for is an injunction against future similar violations, and release of the minutes, and release of the audio by the city. So you just said that there are no minutes? No minutes have ever been provided to us. Whether minutes exist or not, I don't know. You don't know whether or not any minutes exist? Well, I know that the statute affirmatively requires them to create minutes. Okay, but you don't have those minutes if in need to be created under the statute? Okay, and you don't have an official transcript of whatever it is that occurred for the third meeting? Correct. The city council itself has never released a recording. And so if that is the only recording, and the city council releases it and files an affidavit that says there is no other recording, then it is what it is. But we don't know that as of right now. There may be further recordings. They're supposed to be. You had a recording, but it didn't come from the city, so you don't know how accurate it is. Correct. All we know is... Or complete. You don't know if it's complete. Yes. I think probably it's more precise to say we don't know whether it's complete, but it could have been edited. There could be things in the middle that have been taken out. We just don't know. The mayor has said that the recording was illegal. We're saying we're entitled to a recording if this is a meeting as we contact. Wait. The city has agreed that there was a quorum at all three of these calls. Is that correct? We've alleged that. I don't know that the city has affirmatively agreed to that. This did go to the public access counselor, but I believe that was for the earlier meetings, and there was a finding that there was a quorum. But we've alleged that there was at least a majority of a quorum as required by the Open Meetings Act. Okay. All right. I just want to understand. We all understand that this was right at the very beginning of the whole COVID thing, that whether or not people could even meet together was a big problem in the courts, in all government agencies. And so obviously, somehow the city had to decide what it was going to do. So it appears that the way that they decided how they would decide that was with an unpublished telephonic meeting among a quorum of aldermen at which the mayor was likely presiding, the city clerk was probably included. That's part of her duty. So all of these players were in this telephone call, but we don't really know because there are no minutes provided, there was no notice provided, there was no agenda provided, there was no public access provided, which the city could have easily in that call, if they acknowledge that it's a meeting, voted that for the next two or three meetings, at least until we unscramble this mess, here's our emergency procedure. They didn't do that. So we're stuck with no agenda, no public notice, no public hearing, no public comment, no minutes, uh, nothing. And it's, is it, are these meetings in the clerk's public record at all? That's not in the record in the case. I don't know. I don't believe that they are. Okay, sorry. Thank you. If I may address the pandemic point, because it is in their brief, and I understand that this is early in the pandemic, but this is really a red herring for a couple of reasons. That has never been the city's justification. When this went to the public access counselor, they jumped up and down that this was not a meeting, and they, therefore, they didn't have to comply with any of these. Okay. They didn't comply with the emergency provisions, and they held city council meetings during this same time period. They were remote, there was notice, the public was allowed to attend, and there was public comment. So they didn't know how to do it. They just chose not to do it for these reasons. Okay, thank you. And what we have here too, with regard to the third meeting, is we have the release of the first two, and despite that, the city council meets a third time after, right? I believe that's correct, and I think I did misspeak earlier as to when. I don't know actually when we learned. I don't remember the third meeting, but it was after, yeah. Well, your complaint says April 21st, so the main meeting was subsequent to that. So after this was all public, and there was some commotion about it, still, they met a third time, which seemed to run salt into the situation. Yes. I think at the end of the day, their argument is that these aren't meetings, and the circuit court should have let that go forward so that could be decided instead of dismissing it, at least for the third meeting, on mootness grounds. There clearly were issues that were still live. The injunction had never been ruled upon, and there's two different forms of relief that they have not met their burden on. So I just want for clarity's sake, do you believe that the decision... I mean, the way I interpret your brief is, with regard to the meeting, there has been a determination there were meetings, at least for the third was a meeting. Is that correct or not? Well, there was a meeting. It was moot. The issues are moot. But in order to become moot, you have to find that there was a meeting, right? I think what the city would say is that there has not been a ruling that the third call was a meeting. I think the city would probably say, and they can speak for themselves, that if it was a meeting, the relief that we're asking for is moot. And obviously, for the reasons that we articulated, we disagree that that was moot. But what is your position? What is your position on that? These are meetings. Yeah, our position is... I mean, but no, but it's a motion to dismiss. So if that hasn't been decided, that would have to be sent back too. Correct. The question of whether any of these calls, including the third call, was a meeting under the definition in the Open Meetings Act, which would trigger all the obligations under the Open Meetings Act, that question has not been resolved on that question to this day is still in dispute, which is another reason why it isn't moot. The city hasn't said, you're right, we shouldn't have done that, but it was early in the pandemic, but we're not going to do it anymore. Then maybe you get closer to it being moot. But when a party continues to claim the right to do the very thing that brought the lawsuit, then it's inappropriate to dismiss the claim for an injunction. What did you just say before about the public access office saying that these were meetings? Didn't you just say that? So there was a request for review brought by a third party for, I believe it was the first two meetings at issue in our case and an earlier meeting than that, in which the public access counselor in a non-binding opinion found that those were all meetings and rejected the city's arguments that they didn't meet the definition of a meeting. But that would be considered de novo by the circuit court on remand. It would be persuasive authority, but it doesn't have any circuit court aware of that at the time that you filed this lawsuit. Yes, it was attached to our response to their motion to dismiss. I'm happy to answer any questions, but that covers the points I wanted to discuss. I think you may be on mute. I'm trying hard not to cough in your ears. I used to know very well, but I've since forgotten. What are the exceptions to the Open Meetings Act? It's personnel, purchasing land. Litigation, pending litigation, attorney-client privilege kinds of things. The statute expressly lists a dozen, maybe 20 exceptions. Okay. But the city's not claiming, first it's claiming these weren't meetings. And because of that, it's not claiming that any of these come under any of those exceptions. Correct. And if they were to rely on those, they would have had to have voted in open session to go into closed session, citing the specific exceptions they were relying on, which they didn't do. Thank you. Would you like me to start my arguments? Please. So I do want to briefly touch upon the first couple of meetings, unless your honors would like me to skip right to the third meeting. Because I do think it's important to cover the fact that the discovery rule, as well as Section 13215, do not apply to the first two meetings. So they're very plainly barred by the limitations period. I would like to bring up the fact that this court has already decided in Paxton, quote, any person other than the state's attorney must file suit prior to or within 45 days of the meeting. Paxton was a different issue. In Paxton, there was a notice of the meeting, right? So I'm not even sure that that applies, because there was a notice of the meeting. That wasn't the issue. In this case, what you're saying is that it was serendipity, as far as the law would concern, that somebody released this. Somebody put it out there. The city didn't do anything. The city, in fact, denies everything. So why shouldn't the discovery rule or the fraudulent concealment or both apply? Because otherwise, you got away with it. And maybe the state's attorney, the attorney general, won't do anything. The public doesn't have any right. We heard this for benefit of the public. You read the statute, the word public is in there over and over and over. The whole idea is for the public. And so wouldn't those statutes be applicable here? So the entire purpose of the statute is for the public to have certain information. And regardless of even if we're past the 60-day limitation period for private enforcement suits, as was brought up in the appellant's remarks, there's still two other alternative avenues that do have an explicit discovery rule included by the legislature. And in fact, the public does have an avenue to pursue those because the review by the public action commissioner is oftentimes instigated by a referral by a member of the public to the public action commissioner to then start the process. And then the statute provides that even if that public access commissioner process results in anything but a binding decision by the attorney general's office, then there's a new 60-day period for the individual to file suit. So in this case, they could have brought a review by the public action commissioner. They could have seen if a binding decision came through. And if that binding decision didn't come through, if they did resolve it by any other means, then they could have filed suit at that time. So what we look at with the common law discovery rule is whether it's trying to avoid, quote, harsh results. Here there are no harsh results because there's two alternate avenues for the purposes of the act to be fulfilled. In other words, even if the violations of the act, even if the 60 days have passed, violations in the act can and do get remedied even after that point. So there's no scenario here where the act couldn't be vindicated even if the scenario plays out as the way Appellant's stated. And as for Section 13-15, as was discussed in the Appellant's remarks, this meaning was released, knowledge of this meaning was released before even half the available time had elapsed to file suit for either action. It was brought up that it used to be 45 days to file suit under the original statute. Well, that second meeting, April 6th, they found out 45 days before the limitations period had filed. So there's no scenario here where this is not a reasonable amount of time since the even purported fraudulent concealment had long since ended. So that statute just doesn't apply in this type of scenario where there was, we're talking about 45 days, I believe like 38 days for the other meeting still to file suit, when 60 days is the entire period allowed even in the first instance. That's plainly a reasonable amount of time to file suit. Now, turning to the May 31 call, they are moot. Appellants want both retrospective and prospective relief. Retrospective in the form of an audio recording of the call, even though- The question is very simple. Has the city released the minutes? Yes or no? There's no allegation in the complaint that there even are minutes of a meeting that the city- I don't know. There's a requirement in the complaint that says they have to release minutes. They have to have minutes, okay? I read the statute. They have to have minutes. The question is, in the record, is there anything to say that those minutes were released? Yes or no? If it's yes, tell me. If it's no, it's no. There is no record. There's no allegation. That hasn't been resolved. Now, they also have a right to the video, the audio. Now, as I understand it in the complaint, the city council has not released the audio. Is that correct? It was somebody else, a third party released it. The city council has not released any audio. Okay. Now, a third party can do lots of different things to an audio today. We know that, right? It may not be the whole thing. The city has never said it's the whole thing. They did not even say that they had a meeting. They denied a lot, as I understand it. So, I'm trying to wrap my head around the fact that somebody leaks it. We don't know what they did. That's it. We're done. I mean, is that the way the law should operate when it comes to open meetings that a leak, but we don't know if it's full or partial, is enough? Is that what the law should be? That's my question. So, the way that the law operates is that the appellant, well, down below the plaintiff, needs to actually plead what their claims are and do it sufficiently. Here, the complaint alleges that there was an audio recording of the meeting. The complaint does not allege anything else about that audio recording. It does not say that the audio recording was incomplete. They do not allege that the audio recording was complete. It wasn't provided by the city. I read the act. The act requires the city to keep a copy of the audio. Is that correct? For meetings, which, as the city's third argument, this was not meetings. Yeah. Assume it's a meeting, okay? Do they have to keep an audio? Yes or no? Yes, I believe they need to keep one. So, and there hasn't been a determination yet whether it's a meeting. You just said you haven't agreed it as a meeting. So, why, since they filed within that statute, why shouldn't we reverse and send it back? Well, this is the $64,000 question here. Why shouldn't we send it back? They have a hearing on whether it's a meeting, and if it is a meeting, then all the other things follow through. But you're saying it wasn't a meeting. They're saying it was. That hasn't been determined. That's the first question. There should be discovery. It should, I mean, they filed within the time. Nothing, what's moved? First of all, we know the minutes aren't moved because you just admitted that. So, the question is, we don't know that audio, we don't even know anything about it. Just somebody put something out there. So, in the scenario where they properly pled a claim that these were meetings and that they're entitled to anything, then in that scenario, you could argue that, well, maybe there should be a factual discovery taking place once you get past the pleading stage. But we're still at the pleading stage in here. They lost on a motion to dismiss. Right, and we're here to reverse, they've been asked to reverse it, okay, so that we can get to the, beyond the pleading stage, okay. That's the issue. And the issue is whether it's moot or not. The judge said it was moot because of this pirate copy. Now, we don't know anything about that. You know, you say there wasn't a meeting. So, that has to be determined. And so, if there wasn't a meeting, we don't know what this is that's out there. But they're relying on that to say, to get them in the door, which is why shouldn't, I mean, you're not relying on the release of the tape, you're not relying on that for anything in your argument? I think it would be helpful to think about this in kind of a chronological, an order of operations of what should be decided here. We don't need to address the mootness question. The court doesn't need to even reach the mootness question necessarily if they decide on the first question that this wasn't, that there's been insufficient pleading that this will even qualify it as a meeting underneath the statute. Because then all the things that flow from that. What is insufficient about their allegations that there was a meeting? What is insufficient? So, currently, all that they do is, for example, for the May 31 call, is they say, quote, the city council held a meeting as defined by the OMA, and then they quote what the OMA requires of a meeting. That is it. There are no factual allegations of how many aldermen were there, what other city officials were there. There's no allegations of what was done. They may not even know that, right? Because it was done in secret. How can they disclose what was done? They don't really know, because there's this tape that wasn't released by the city. So, you know, all they can say is, yeah, there was a meeting under the Act, and they've done it. I don't, what more do they, you need to say? It was an improper meeting. The Act says, you know, how many meetings, they have a quorum or not, and so forth. I don't understand how that isn't enough. What else do they, why do they have to say what was discussed when they don't even know? Well, but they do, they do allege that there, and they discuss what took place, they discuss the audio recording for the May 31 meeting, which is really the only one we're talking about at the end of the day, assuming the first two are thrown out. They do have an audio recording of that meeting. They talk about it, they mention it, they affirmatively bring it up in their complaint, and yet at no point in their complaint do they talk about, oh, well, there was this many aldermen appeared to be on the call. How would they know that? How would they know that? They are allowed to allege facts that are not yet proven. Well, but they don't know that. They say that it's a meeting under the Act. Isn't that, that's, it's a question of law, right? And they haven't had discovery. So, you know, and the judge, she didn't rule on that, right? They, the judge did address it and said that they believe it was sufficiently pled, and we are saying that it can be affirmed on alternative grounds, which the score is allowed to do. And there are cases, including the ones we cite in our brief, including Nabhani, where they, the court specifically found that a gathering that included every single member of a school board was not a meeting because the topic of discussion didn't qualify as public business to the board. And therefore, what, factually pleading what actually was discussed at a gathering, at least in broad, I'm not talking about specific details, but that they talked about this general topic is a necessary part of stating a claim under the Act. But at no point do appellants even attempt to do anything of that sort. They simply just quote the statute for what the definition of a meeting is. They don't actually put forward any affirmative factual allegations to satisfy their fact-based pleading requirements at this stage. You know, it's appellant's burden to plead that a particular gathering qualifies as a meeting, not just a state as a conclusion that a meeting occurred. Counsel, assuming you're correct in that argument, why then would they not be entitled for leave to replead? So, excuse me, why would this be, and the second part of my question is, under what you've just said, how would a dismissal with prejudice be the right thing to do? Which is what happened here. Right. So, the dismissal with prejudice flowed, I assume, in part from the fact that the judge found it on mootness and statutory limitations, period. But we don't believe that the right to replead is automatic here. I mean, we're dealing with appellants as a very sophisticated repeat party to this type of litigation, who despite having made the recording of the call, talked about nothing about what was in that recording in their complaint. They did apparently no pre- that can only be reasonably interpreted as an intentional choice by appellants to plead in that matter. Now, we're approaching three years since the alleged facts underlying the case, and we have a final judgment. And in this hypothetical scenario, we would have an affirmance on appeal, albeit on alternative grounds. The city doesn't believe that leave to amend is automatically merited in such a scenario. But even if the court should grant leave to amend, but otherwise affirming on the grounds, then it's up to appellant to decide if is it worth it to try to pursue the case again, and try to overcome their burden to actually satisfy the pleading burden in that time. So, the city is not going to speculate on whether the appellants are going to be able to achieve their pleading burden the second time around in that scenario that should occur. But they should at least be required to actually plead consistent with the requirements of the act. The other thing I don't understand is why is a leaked recording that was not leaked by the city? Why is that sufficient? Why are they not entitled to something from the city saying, you know, this is the official recording? Right. I think it depends on what we view the purpose of the remedies under the act to be. As both parties have talked about in their briefs, the purpose underlying the act is to achieve public awareness of what goes on at the city's meetings. Whether or not they have minutes, which are quantitatively less exhaustive than a recording, or the recording here, that underlying purpose has already been achieved. You know, the standard for mootness is not whether possible relief could be granted, right? It's whether that relief would actually effectually bring about the relief that the appellants are looking for. And here they have a recording. They know what took place at the meeting from that recording. It's unclear, and appellants haven't made any thorough argument on what is it about this recording in their briefing. They made no thorough argument about what is it about this recording that doesn't effectually provide the relief. We've already talked about that. Yes, there's quite a bit, because they said they want the recording. They have not received the recording. And you can't say that that recording is the recording of the full meeting or not, or somebody was playing games, who knows, right? So you won't, because you don't think there was a meeting. So, you know, you can't have it both ways. You seem to be saying, well, we can, it's been released by somebody else, so we're done. That's what the judges say, right? Am I paraphrasing? So what the city's rolling in is what was pled. I mean, I think I always, I'm reverting back to that position multiple times, because we have to remind you that this is at the motion to dismiss stage. We are taking the complaints as fact for the purposes of this stage. The appellants have pled that they had an audio recording of the meeting. There is no allegation in the complaint that audio recording was incomplete. There is no allegation. But wait, wait, wait, they don't have an audio recording from you. So therefore, they don't have to say it was incomplete because it was never released. The open meetings act does not apply to members of the public. Is that correct? So it doesn't even apply to, it applies to the city council's institution, right? Is that correct? And the city council as an institution has to keep minutes. Is that correct? Yes. Public bodies as defined by the act. That's right. They're a public body. So they have to keep minutes. Is that correct? Yes. And they have to have an audio of any kind of meeting, whether it's a public meeting, even when the public's not allowed, they still have to have a recording. Is that correct? I would have to refresh my memory for closed meetings. It's required, but certainly for open meetings. Okay. And if there's an open meeting, they have to send out a notice. Is that correct? Yeah, there's certain notice requirements. And there was no notice here. And that's what they're saying. They're saying in their complaint, it says there was no notice of this meeting. So the public never knew about it. And that issue has not been determined by the court. And that needs to be determined. It would seem to me, why not? Why would, should we, and you're saying, well, because there's something absent from the complaint. I know that's your response, but I'm trying to figure out what it is that's absent from the complaint. What else could they say? I think it's important to remember that what they're asking for, the purpose of this lawsuit is not to govern future litigation that may or may not be brought upon future meetings that may or may not occur hypothetically in the future, right? The purpose of this is the remedy, the actual violation that allegedly occurred related to this meeting. So when we're thinking about it from that perspective, the question is, do they have the relief for- Wait, can I hear his response? All right. Well, but his response is- Wait, what can I hear from him? Okay. But he made a statement that I don't know where it comes from. So the question is whether they have asked for relief for the violation of the act that they're actually alleging in this instance. There's no argument. There's nothing in the complaint that don't already have the relief. The complaint says, we have a recording of this meeting, and the complaint says, we're asking for relief in the form of a recording of this meeting, at least for the retrospective relief, but talking about that, that on the face of the complaint that they have pled, the request is already moved. Now they could have then at that stage, because we're talking about a 2-6-19 motion. You're saying that they are requesting a recording of the meeting and that's moved? Yes, because they have pled in their complaint that they have a recording of the meeting. They didn't say at any point in their complaint that even on information and belief that we don't believe this recording is complete or that it's not accurate and things. The only allegations we have on this is that we have a recording of this meeting. Our request of relief retrospectively is that we would like a recording of their meeting. Now at that stage, when the city then put forward on the 2-6-19 motion that that is enough based on the face of the complaint to find a mood, they were allowed to put forward an affidavit at that stage under this type of motion to dismiss to then say, well, we don't believe it's complete. Or they could have replied at that point saying, as a matter of rights, saying we don't believe that it's complete, and they didn't do either of those things. Okay, but the complaint already said that this was not provided as an official recording from the city. It was a leaked recording. They did say it was, yeah, they said it was not released from the city council. Well, that's the point. Well, what do you have to say? I mean, we're saying that's the point. Okay, so if the court believes that there is this material difference between hearing an audio recording officially released and hearing audio recording that's unofficially released, then the question becomes whether or not this was a meeting in the first place that the city council even needed an audio recording of. And that is an alternative ground that the court could simply affirm the district court saying that it was insufficiently pled. Okay, you had started to say, so the one thing that they're asking for is a recording of the meeting, and I think you were about to tell us what other relief they're requesting. I think that was injunctive relief. Could you address that? Right, so in addition to the but the injunction that they're asking for is improper and therefore doesn't save the claim from mootness. You know, this is not a case where an improper meeting is about to occur and they proactively file something in order to stop it, which is why a lot of times this injunctive relief is put into the statute. Nor is this a case where a public body is kind of having regularly scheduled or frequent meetings and there's allegations that they're doing so improperly, and so they bring a case proactively to stop it from continuing to happen. Rather, we're dealing with just this May 31 call that was isolated. It occurred almost three years ago at the once in a start of a pandemic that upended the way our society functioned. There's no allegations that any calls since then improper have occurred or that the city council ever plans to have such calls again. Here, appellant offers only pure speculation that alderman would ever participate in such a call again, which is not enough to establish the probable cause required under the statute for a blanket injunction. Simply put, it's the city's position that an appellant cannot rely on a retrospective challenge to one call for which an audio recording is already public and accessible to seek indefinite prospective relief against entirely speculative future conduct. And specifically, if you look at the type of injunction that they're asking for, it is a blanket the city shall not violate the OMA at any point in the future, which is both overly broad and will not actually remedy for the reasons we discussed, the actual harm suffered from this specific May 31 call. That's great arguments to make in the circuit court, but that doesn't have anything to do with us because the statute itself says granting an injunction against future violations of this act. So that is part of the relief that they asked for. It's in the act. And those are your arguments why it may or may not be available. Although here, we don't have they did the three times and they could bring in the fact that the other, you know, they did it twice before and even after release tape, they did it again. And maybe they're not doing it again since then. We don't know why, but maybe it has something to do with the fact that there's a lawsuit going on and they know people are watching. So maybe there is an absolute need for this. But I mean, as I hear your arguments, those are arguments that should be made alone to the circuit court, not to us. And why would they be made here? So the circuit court did hear these arguments below and held that they were moved for this reason. So we are seeking an affirmance of that same ground that the circuit court already decided. If the court had no further questions for this reason, the judgment, the circuit court should move forward. Just briefly, if I may, I want to address the comments about future injunctive relief. Raynard and Lindsey both hold that where there's been a violation in the past, it's appropriate under the act to enter an injunction against future violations. Council has just laid out a bunch of additional requirements that are not in the act. They're not in the case law. Once there's been a violation, at the very least, we're entitled to an injunction against future violations. And of course, there have been multiple instances here. We didn't talk too much about the voluntary cessation doctrine, but I think that basically gets at the same point. They continue to claim that they can do this. To the extent they've changed. And of course, the irony is, how would we know if they were continuing to hold more secret meetings without notice? It was serendipitous. It's exactly correct for how we even learned of this. So we're supposed to plead that they're continuing to do this. We don't know that. I mean, that's the whole point of having the injunction. Council, what about the argument that you have not pled that you don't have an accurate recording of the meeting? It's an affirmative defense of mootness. And it's their burden to show that we do have a complete recording in order to render that. Does your complaint allege that you have a recording? No, I think the complaint just alleges that there was a recording that had been made public by someone. But we have not said we have a complete copy of everything that happened in that meeting that was officially produced to us as a production by the government as required by OMA. We don't anything remotely like that. So they didn't yet get to the point of shifting any burden to us. If they put in a declaration that said, the leaked recording is the complete recording, then I think they're right that we would have to put in a declaration that says, no, it isn't, because they would have met their initial burden under mootness. But they never got to that point. They didn't even try. They're just saying, we pled that there's a recording out there. They never said that they're recording. They certainly never said under oath that that recording is the complete contents of the recording that happened. So it really is an issue of them attempting to shift a burden onto us that lies with them because they're raising it as a mootness issue. Just, I guess, one other thing I would clarify. There was a question about when recordings are supposed to be made. The statute requires if it is a closed session, they must make a verbatim recording. They have to do minutes of both open and closed. But if it's closed, there must be a verbatim recording, which makes sense because if it turns out that it wasn't a properly closed meeting, then there is a recording that can be made available to the public as a substitute for what should have taken place in an open session. So for all these reasons, we ask that the court reverse the circuit court and remand for an answer and to continue with proceeding. All right. Well, thank you very much, gentlemen. We appreciate the excellent briefs that you prepared and the fine argument that you presented today. We'll take this case under advisement and we'll issue an order and our opinion forthwith that this court is adjourned.